**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Ryan F.,[1]

        Plaintiff,

v.

Kilolo Kijakazi,

        Defendant.

Case No. 2:23-cv-01693-BNW

**ORDER**

Presently before the court is Plaintiff's application to proceed *in forma pauperis* (ECF No. 1).

**I.**    ***In Forma Pauperis* Application**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

If a plaintiff's complaint challenges a decision by the Social Security Administration ("SSA"), before filing a lawsuit, the plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, he may obtain judicial review of an SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the

1  Commissioner's decision to deny benefits is limited to determining: (a) whether there is
2  substantial evidence in the record as a whole to support the findings of the Commissioner; and
3  (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social*
4  *Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).
5      Here, Plaintiff does not allege whether the Appeals Council denied his request for review.
6  Thus, it is not clear whether the ALJ's decision became the final decision of the Commissioner
7  and whether Plaintiff exhausted his administrative remedies.
8      Based on the foregoing, IT IS ORDERED that:
9      1.   Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is
10 GRANTED. Plaintiff will not be required to pay the filing fee of $402.00.
11     2.   Plaintiff is permitted to maintain this action to conclusion without the
12 necessity of prepayment of any additional fees or costs or giving security for him. This Order
13 granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at the
14 government's expense.
15     3.   Plaintiff's complaint is DENIED without prejudice.
16     4.   Should Plaintiff wish to amend his complaint, he must do so by November
17 24, 2023. Failure to do so may result in the dismissal of this action.

19     DATED: October 31, 2023

21                                 _____
                                   BRENDA WEKSLER
22                                 UNITED STATES MAGISTRATE JUDGE